UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL CULKIN, A#: 079680853<br>76 Fieldstone Drive<br>Gardner, MA 01440<br>  Plaintiff, | |
| v. | Civil Action No. |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security; DENIS RIORDAN, Director, Boston Office, U.S. Citizenship and Immigration Services; PAUL NOVAK, Director, Vermont Service Center, U.S. Citizenship and Immigration Services; EMILIO GONZALES, Acting Director, U.S. Citizenship and Immigration Services, ROBERT MUELLER, Director, Federal Bureau of Investigation; ALBERTO GONZALES, Attorney General of the United States,<br>  Defendants. | |

## ~~COMPLAINT FOR~~ WRIT OF MANDAMUS

Plaintiff, Michael Culkin ("Culkin"), by and through his attorneys, and for his Complaint for Writ of Mandamus, alleges as follows:

### INTRODUCTION

1. This is a civil action brought pursuant to 28 U.S.C. §§1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff and to compel Defendants to perform a duty Defendants owe to Plaintiff.

2. Specifically, this action is brought to compel Defendants and those acting under them to take action on Plaintiff's Form I-485 Application for Adjustment of Status, (hereafter "the Application") in order for Plaintiff to become a Permanent Resident of the United States.

3. Plaintiff's Application has been pending for approximately four and one half years. After numerous frustrating inquiries, USCIS has failed to justify the delay in processing Plaintiff's Application, other than vaguely informing Plaintiff that the required investigation into his background is allegedly still pending.

4. This extraordinary delay in processing Plaintiff's Application is unjustified, and severely detrimental to Plaintiff's life and well-being. Plaintiff has been legally married to a United States Citizen since November 2002.[1] Plaintiff and his wife have attempted, and are still attempting, to lawfully adopt a child. However, despite the fact that Plaintiff and his wife are eligible parental candidates, their adoption has been denied because Plaintiff is not a Permanent Resident.

5. Plaintiff is eligible to have his Application adjudicated, and this Court is empowered to preside over and adjudicate this matter. U.S. Const. Art. III.

6. Defendants, the Department of Homeland Security ("DHS"), the Federal Bureau of Investigations ("FBI"), and the United States Citizenship and Immigration Services ("USCIS"), are charged by law with the statutory obligation to adjudicate this Application.

## JURISDICTION

7. This Court has jurisdiction over this matter in that the action is brought pursuant to federal statutes 28 U.S.C. §§1331 and 1361. Jurisdiction is also conferred by 5 U.S.C. § 701.

---

[1] Plaintiff and his wife are also still waiting the adjudication of his wife's I-130 Petition for Alien Relative, which was filed along with the I-485 Application on or about December 9, 2002.

## VENUE

8. Venue is proper under 28 U.S.C. §1391(e) because a defendant in the action resides in this judicial district. In addition, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

9. Plaintiff Culkin is a native and citizen of the United Kingdom. Plaintiff entered the United States in 1999 pursuant to an E2 Visa and worked as a software consultant in Massachusetts for his then-employer, TC Solutions. Since August 2003, Plaintiff has been employed by Phoenix Life Insurance Company as a Senior Technical Lead in the company's Information Technology department. He is currently working pursuant to his valid employment authorization document ("EAD"), which was approved on or about June 21, 2007.

10. Previously, on November 22, 2002, Plaintiff legally married, and is currently still married to, Heidi Ann Malo, a United States citizen. Shortly thereafter, on or about December 9, 2002, Plaintiff and his wife filed a I-130 Petition and the subject Application with the former Immigration and Naturalization Service's ("INS") Vermont office.[2]

11. On July 21, 2003, Plaintiff appeared and was interviewed by the former INS in Boston, Massachusetts, pursuant to the adjustment of status process. The interview uncovered no reason why Plaintiff should not be made a Permanent Resident of the United States. However, following the interview, Plaintiff was notified by USCIS that a decision could not yet

---

[2] In addition to the I-130 Petition and the I-485 Application, Plaintiff and his wife filed an I-765 Application for Employment Authorization Document and an I-131 Application for Advanced Parole.

be made regarding his Application because Plaintiff's background check had yet to be completed.

12. To this day, Plaintiff still awaits the Service's decision. It has now been nearly four years since Plaintiff was interviewed by the former INS, and his Application has been pending for more than four and one half years.

13. Plaintiff has exhausted all administrative remedies in trying to accelerate the processing of his application. Indeed, Plaintiff has inquired about his Application a number of times, including most recently a letter to the USCIS Ombudsman on March 27, 2007. However, the Service has yet to provide a clear reason for the delay, other than informing Plaintiff that the processing of his case has been delayed because the "required investigation into [his] background remains open." *See* USCIS's May 18, 2007 response to Plaintiff's inquiry, a true and accurate copy of which is attached hereto as Exhibit 1.

14. As further evidence of Plaintiff's attempts to exhaust all administrative remedies, Plaintiff and his wife even sought assistance from their United States Senator for the State of Massachusetts, Edward M. Kennedy. However, Senator Kennedy was unable to further assist Plaintiff. *See* March 22, 2006 response letter from Senator Kennedy, a true and accurate copy of which is attached hereto as Exhibit 2.

15. The unreasonable and unjustified delay in processing Plaintiff's Application has caused, and continues to cause, personal hardship for Plaintiff. While patiently awaiting adjudication of his Application, Plaintiff's personal life has suffered. Plaintiff and his wife have attempted to start a family together by lawfully adopting a child. However, despite being

eligible parental candidates, their application for adoption has been denied specifically due to the fact that Plaintiff is not a Permanent Resident.

16. As a further hardship to Plaintiff, he has been and is currently required to submit an I-765 Application every year until his Permanent Residency is granted. Plaintiff is currently working as the Project Lead for the roll out of an IT infrastructure for Phoenix Life Insurance Company and is a key resource for the Company's IT department. Plaintiff's skills are extremely specialized and not attainable elsewhere in the company. If Plaintiff is not granted Permanent Residency in the near future, Phoenix Life Insurance Company may be compelled to look outside the Company to replace Plaintiff with someone who has a more certain future.

17. Finally, a favorable decision on Plaintiff's Application would obviate the need for further adjudication and processing of Plaintiff and his wife's I-130 Petition for Alien relative, thereby lessening the workload of an already overburdened USCIS.

## CLAIMS

18. Defendants have willfully and unreasonably delayed in, and have refused to, adjudicate Plaintiff's Application, thereby depriving him of the benefits of becoming a Permanent Resident of the United States, and to the peace of mind to which he is entitled.

19. Defendants owe Plaintiff a duty to adjudicate the Application and have unreasonably failed to perform that duty. This unreasonable delay has impaired Plaintiff's ability to enjoy a loving family and to make important decisions regarding his personal and professional life.

20. Plaintiff has exhausted any administrative remedies that may exist.

WHEREFORE, Plaintiff prays that the Court:

1. Compel Defendants and those acting under them to perform their duty to adjudicate the Application, including, but not limited to, compelling USCIS to adjudicate the Application within 60 days and compelling the FBI to issue results of Plaintiff's criminal background and/or name check to USCIS and this Court within 60 days; and

2. Grant attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act; and

3. Grant such other and further relief as this Court deems proper under the circumstances.

Respectfully submitted this 25th day of July, 2007.

MICHAEL CULKIN

By: _____
One of His Attorneys

Kenneth F. Sparks, D.C. Bar No. 431762
Mark A. Partin
VEDDER, PRICE, KAUFMAN & KAMMHOLZ. P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
Phone: (312) 609-7500
Fax: (312) 609-5005
ksparks@vedderprice.com
mpartin@vedderprice.com



U.S. Department of Homeland Security
Washington, DC 20529

**RECEIVED**

JUN 7 2007

**LAW DEPT.**

*CWE*

U.S. Citizenship
and Immigration
Services

HQCIS 181/48.2-C

**MAY 1 8 2007**

Mr. Michael Culkin
76 Fieldstone Drive
Gardner, MA 01440

Dear Mr. Culkin:

Thank you for your letter dated March 27, 2007, to the U.S. Citizenship and Immigration Service Ombudsmen (CISO). Your letter concerning your pending Form I-485 application was forwarded to the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services (USCIS) for a response and assigned case # 658460.

Based on the information provided in your letter, a search was conducted on receipt number EAC-03-095-50422. We regret the length of time it has taken to process your Form I-485, Application to Register permanent Residence or to Adjust Status. The processing of your case has been delayed. A check of our records establishes that your case is not yet ready for decision, as the required investigation into your background remains open.

Until the background investigation is completed, we cannot move forward on your case. These background checks are required to be completed on all applicants who apply for the immigration benefit you are seeking. We will make every effort to make a decision on this case as soon as the background checks are complete.

We ask for your patience in such case and in return we promise to continue to seek resolution as quickly as possible. USCIS continues to make every effort to efficiently work through delays beyond our control. The Customer Assistance Office has enclosed a copy of a Fact Sheet, "Immigration Security Checks-How and Why the Process Works".

**EXHIBIT**

1

www.uscis.gov

Mr. Michael Culkin
Page 2

If you require additional assistance, we invite you to visit our web site at www.uscis.gov or, if you do not have Internet access, you may contact Customer Service at 1-800-375-5283.

We trust that this information is helpful.

Sincerely,

Christine Gooding, Supervisor
Customer Assistance Office
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security

Enclosure: Fact Sheet, "Immigration Security Checks-How and Why the Process Works"

EDWARD M. KENNEDY
MASSACHUSETTS

# United States Senate
WASHINGTON, DC 20510-2101

March 22, 2006

Ms. Heidi Ann Malo-Culkin
76 Fieldstone Drive
Gardner, MA 01440

Dear Ms. Malo-Culkin,

This letter is to acknowledge and thank you for your correspondence regarding your immigration concern. I am sorry that the following information could not be more positive.

The security clearance is still pending for your husband's case. His case is not lost and you have no recourse but to wait for the CIS to notify you when the clearance has been completed.

Please do not hesitate to contact my Boston office at 617-565-3170 with any further questions or concerns.

With best wishes,

Sincerely,

Edward M. Kennedy

2400 JFK Building
Government Center
Boston, MA 02203

EXHIBIT
2

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

MICHAEL CULKIN, A#: 079680853

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

VEDDER, PRICE, KAUFMAN & KAMMHOLZ. P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
Phone: (312) 609-7500
Fax: (312) 609-5005

## DEFENDANTS

MICHAEL CHERTOFF, Secretary, Department of Homeland Security; DENIS RIORDAN, Director, Boston Office, U.S. Citizenship and Immigration Services; PAUL NOVAK, Director, Vermont Service Center, U.S. Citizenship and Immigration Services; EMILIO GONZALES, Acting Director, U.S. Citizenship and Immigration Services, ROBERT MUELLER, Director, Federal Bureau of Investigation; ALBERTO GONZALES, Attorney General of the United States

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) 11001
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ● E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. §§1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff and to compel Defendants to perform a duty

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  7-24-2007   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.