UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL CULKIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case Number: 1:07CV01350 (PLF) |
| MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security, <u>et al.</u> | ) ) ) |
| Defendants. | ) ) ) |

**MOTION TO TRANSFER**

Defendants Michael Chertoff, et al., by and through undersigned counsel, hereby move to transfer this case to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). In accordance with Local Civil Rule 7(m), counsel for Defendants contacted counsel for Plaintiff to request Plaintiff's position on this motion. However Plaintiff's counsel had not yet responded as of the time this motion was filed. A proposed order and memorandum of points and authorities are attached hereto.

Dated: February 20, 2008            Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　JEFFREY A. TAYLOR, D.C. BAR # 498610
　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS, D.C. BAR #434122
　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　ROBIN M. MERIWEATHER, D.C. Bar. # 490114
　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　555 Fourth St., N.W.
　　　　　　　　　　　　　　　　　Washington, D.C.  20530
　　　　　　　　　　　　　　　　　Phone: (202) 514-7198 Fax: (202) 514-8780
　　　　　　　　　　　　　　　　　Robin.Meriweather2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL CULKIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Case Number: 1:07CV01350 (PLF)<br>MICHAEL CHERTOFF, Secretary, )<br>U.S. Department of Homeland Security, et al. )<br>)<br>Defendants. )<br>) | |

## MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER

This case concerns a Form I-485 "adjustment of status" application filed by Plaintiff Michael Culkin, in which Plaintiff requested that Defendant United States Citizenship and Immigration Services ("USCIS") exercise its discretion and make him a lawful permanent resident of the United States. Culkin argues that Defendants have failed to adjudicate his application within a reasonable amount of time, and seeks an order from this Court compelling Defendants to complete the adjudication of his I-485 application within sixty days. Although Plaintiff initiated this action in this Court, venue is more appropriate in the District of Massachusetts. The only nexus between this District and this case is the fact that some of the agency officials named as defendants have offices in the District of Columbia. However, the events giving rise to this complaint — namely, the processing and adjudication of Plaintiff's I-485 — either have transpired or will occur at the USCIS Boston Field Office in Boston, Massachusetts. Accordingly, the District for Massachusetts is a more appropriate forum for this case than this Court, and the interests of justice support transfer.

**ARGUMENT**

I.  **THE COURT SHOULD TRANSFER THE CASE TO THE DISTRICT OF MASSACHUSETTS.**

   A.  **This Case Has an Inadequate Nexus to Washington, D.C.**

This case is governed by the general venue statute, 28 U.S.C. § 1391, which establishes default rules for venue that apply to federal lawsuits where the underlying statutes do not specify their own venue rules.  See 28 U.S.C. § 1391(a), (b), and (e) (each applying "except as otherwise provided by law.").  Section 1391 identifies three possible bases for venue for claims against federal government officials or agencies: (1) where a defendant "resides;" (2) the district where "a substantial part of the events or omissions giving rise to the claim occurred;" or (3) where "the plaintiff resides, if no real property is involved in the action."  28 U.S.C. § 1391(e).  Plaintiff appears to rely on the first and second prongs of this test.  He alleges that venue is proper in this Court because the agency heads named as Defendants have offices in the District of Columbia.  See Compl. ¶ 8.  He also alleges that a substantial part of the events giving rise to his claim occurred in the District of Columbia but never specifies any events that occurred in this judicial district.  See id.

When a plaintiff bases its venue arguments on federal agency defendants' presence in Washington D.C., the venue challenge should be examined "very closely."  Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993).  That close scrutiny has led courts in this District to invoke their transfer authority pursuant to 28 U.S.C. § 1404(a) and transfer cases to a district with a closer nexus to the parties' dispute.  See, e.g., Cameron, 983 F.2d at 256 (ruling Washington, D.C. was not the proper venue because the sole connection to Washington, D.C. was the inclusion of the Director of the Federal Bureau of Prisons and the Attorney General in their official capacities); Abusadeh v. Chertoff, 2007 WL 2111036, at *6-*9 (D.D.C. July 23,

2007) (transferring mandamus action seeking adjudication of naturalization application and petition to replace alien card to Southern District of Texas because that was where the application was being adjudicated); Fayyaz v. Dep't of Homeland Security, No. 06-2016, (D.D.C. Oct. 25, 2007) (unpublished Order) (transferring mandamus action concerning I-485 to the Southern District of Texas because that is where plaintiff resided and the district in which the USCIS office with jurisdiction over their applications was located) (attached as Exh. 2 hereto); Poliakova v. Gonzales, No. 07- 1210 (D.D.C. Dec. 17, 2007) (Order attached hereto as Exh. 3) (transferring mandamus action concerning I-485 to Southern District of Florida for the same reason) ; Rosales v. United States, 477 F. Supp.2d 213, 215-17 (D.D.C. 2007) (transferring case against federal agency to district in which the challenged events took place); Southern Utah Wilderness Alliance v. Norton, 315 F. Supp.2d 82, 86-89 (D.D.C. 2005) (concluding environmental case should be transferred to Utah where D.C. officials only set general policies and did not make specific decisions being appealed); Joyner v. District of Columbia, 267 F. Supp.2d 15, 20-21 (D.D.C. 2003) (holding that the case's only connection to Washington, D.C. was the situs of named federal government defendants and transferring to a district with which the case had several connections).  Otherwise, "[b]y naming high government officials as defendants, a plaintiff could bring suit here that properly should be pursued elsewhere." Cameron, 983 F.2d at 256.

      The fact that some of the Defendants are high government officials with offices in the District of Columbia does not establish a sufficient connection to this District to make this an appropriate forum.  Section 1404(a) permits the Court to transfer this case to "any other district or division where it might have been brought" for the "convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  A threshold question is whether the case could

3

have been brought in the district to which transfer is sought.  See Stewart Organization v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citing Van Dusen v. Barrack, 376 U.S. 612, 613 (1964)).  The Court then must engage in a case by case analysis and balance the private interests of the parties with public interests such as efficiency and fairness.  Id. at 29; Abusadeh, 2007 WL 2111036, at *3.  The moving party bears the burden to establish that it is proper to transfer the case.  See Southern Utah, 315 F. Supp. 2d at 86;  Trout Unlimited v. United States Dep't of Agriculture, 944 F.Supp. 13, 16 (D.D.C. 1996) (citing Air Line Pilots Ass'n v. Eastern Air Lines, 672 F.Supp. 525, 526 (D.D.C. 1987) (citations omitted).  Plaintiff could have brought this case in the District of Massachusetts, and both the private and public interests favor transfer to that court.

> **A.    Plaintiff Could Have Brought This Case in the District of Massachusetts Because His Claim Arose in That Jurisdiction and He Resides There.**

Plaintiff clearly could have brought this case in the District of Massachusetts.  As noted *supra*, venue is proper in the district where: (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) the plaintiff resides if no real property is involved in the action.  *See* 28 U.S.C. § 1391(e).  Plaintiff resides in the District of Massachusetts.  The principal defendant, Denis Riordan, Director of the USCIS Boston Field Office, also resides in that District.  See Declaration of Karen Anne Haydon,¶ 1 ("Haydon Decl.") (Exh. 1 hereto).  Further, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the District of Massachusetts, because his application is pending in the USCIS Boston Field Office, which is located in Boston, Massachusetts.  See id. ¶¶ 1-2.  In addition, the Boston Field Office will complete the adjudication of Plaintiff's application once USCIS has completed its review of his eligibility for the benefit; therefore any alleged delay in the processing of Plaintiff's application is a matter related to the USCIS Boston Field Office.  See id. ¶ 2.  Plaintiff's interview was held at that field office on July 21, 2003.  See id. ¶ 1;

Compl.¶ 11. The Boston Field Office is also the office that issued a request for additional evidence concerning the mandatory medical examination, and that will review the documentation submitted in response to that request for evidence. See Haydon Decl. ¶ 2. In sum, the adjudication at issue in this action is being conducted by USCIS staff located in the District of Massachusetts, making venue proper in that court under 28 U.S.C. § 1391. See Abusadeh, 2007 WL 2111036, at * 6 (concluding venue was proper in Southern District of Texas because I-485 was being adjudicated there).

    **B.**    **The Private Interests Favor Transfer to the District of Massachusetts.**

The private interests favor transfer. The factors courts consider when assessing those interests include: Plaintiff's choice of forum, Defendants' choice of forum, whether the claim arose elsewhere, convenience of the parties, convenience of the witnesses, and ease of access to sources of proof. See Trout Unlimited, 944 F.Supp. at 16 (citation omitted). Although courts generally accord substantial deference to a plaintiff's choice of forum, that deference is lessened when the forum chosen is not the plaintiff's home forum. See Shawnee Tribe v. United States, 298 F.Supp.2d 21, 24 (D.D.C. 2002) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981)). Courts also apply less deference when the chosen forum has an inadequate nexus to the events in the case. See Southern Utah Wilderness Alliance, 315 F. Supp.2d at 86.

        1.    Plaintiff's Choice of Forum Deserves Little Deference.

Plaintiff's choice of forum deserves little deference because he does not reside in this District, and because this District lacks meaningful ties to the controversy. Plaintiff resides in Massachusetts. See Haydon Decl. ¶ 1; Compl., Case Caption. As noted, the Boston Field Office is charged with adjudicating Plaintiff's petition for alien relative and adjustment application. See Haydon Decl. ¶ 1. Thus federal officials in the District of Massachusetts will

5

make the final decision regarding that application, and any intermediate decisions made during that adjudicatory process. As plaintiff admits, that is where his interview was held. See Compl. ¶ 11. The named agency defendants who "reside" in Washington D.C. did not conduct the interview, and will have no direct involvement in the adjudication of Plaintiff's application. Accordingly, this case is similar to other cases in which courts have found that the private interests favor transfer because the "primary issue in th[e] case" concerns a decision made by an agency field office, and not headquarters. Southern Utah Wilderness Alliance, 315 F. Supp.2d at 87; see, e.g., Rosales, 477 F. Supp. 2d at 216; Shawnee Tribe, 298 F. Supp.2d at 24 (transferring and noting that GSA field offices were "actively involved" in decision at issue and the decision-making process was not "substantially focused" in Washington, D.C.); Sierra Club v. Flowers, 276 F.Supp. 62, 67 68 (D.D.C. 2003) (transferring case because federal officials in Florida made the relevant decision and officials in Washington, D.C. were not involved in the decision making process); Airport Working Group of Orange County, Inc. v. United States Dep't of Defense, 226 F. Supp.2d 227, 230-31 (D.D.C. 2002) (transferring because connection to DC was "attenuated" where D.C. officials were not actively involved in challenged decision).

It is true that some of the Defendant officials work for agencies with offices in the District of Columbia. See Compl. ¶ 8. However, that does not make this Court the appropriate forum. Those officials, and the agency headquarters, do not have an active role in the decision-making process concerning Plaintiff's application. Accordingly, the fact that those officials "reside" in the District of Columbia does not control the venue analysis. See Shawnee Tribe, 298 F. Supp. 2d at 25 (finding venue appropriate where field office was located despite involvement of "some officials. . . who work in the Washington, DC area"). Instead, the relevant

6

factor is that the officials who will adjudicate Plaintiff's application are in the USCIS *Boston* District Office.

        2.      <u>Defendants' Choice of Forum Would Place This Case in a District With Strong Connections to Plaintiff's Case.</u>

The Court next considers Defendants' choice of forum. Defendants have legitimate reasons for seeking transfer. The District of Massachusetts is where Plaintiff resides and is the jurisdiction that is home to the USCIS Boston Field Office. The Boston Field Office has the strongest connection to the case, since that office is adjudicating Plaintiff's application for adjustment of status, and the office which conducted Plaintiff's adjustment of status interview. Compl. ¶ 11; Haydon Decl. ¶¶ 1-2.

**C.**    **Other Compelling Reasons Support Transfer of Venue to the District of Massachusetts.**

There are other compelling reasons to transfer this case to the District of Massachusets. Since this case involves activities taking place in the District of Massachusetts, there is local interest in resolving it there. <u>See</u> <u>Schmidt v. American Institute of Physics</u>, 322 F. Supp.2d 28, 36 (D.D.C. 2004) (holding that cases should be resolved in the locale in which they arise); <u>Abusadeh</u>, 2007 WL 2111036 at *8 (transferring case to jurisdiction where USCIS field office was located because of that district's interest in resolving the dispute). As noted, the District of Massachusetts is the home jurisdiction of the Boston Field Office, which is charged with and is responsible for adjudicating Plaintiff's pending application, and also is the district in which Plaintiff resides. That also makes the District of Massachusetts a more convenient jurisdiction in which to litigate this case because Plaintiff, the people directly involved in adjudicating his application, and the documents related to the case are located in Massachusetts. <u>See</u> Haydon Decl. ¶¶ 1- 2.

7

### D. Transfer Would Serve the Public Interest.

The public interest also favors transfer. The relevant considerations include: the transferee's familiarity with governing laws, relative congestion of the calendars of the potential transferee and transferor courts, and local interests in deciding local controversies at home. See Trout Unlimited, 944 F.Supp. at 16 (citation omitted); Airport Working Group of Orange County, Inc., 226 F. Supp.2d at 229. Since this action concerns federal law, the District of Massachusetts is as familiar with the applicable law as the District of Columbia.

In addition, there is no evidence that the District of Massachusetts' docket is significantly more congested than the District of Columbia's docket. See Trout Unlimited v. United States Dep't of Agriculture, 944 F.Supp. at 16; see also Exh. 4 (spreadsheet demonstrating caseload of both districts). Although there were more civil cases pending in 2006 in the District of Massachusetts than in this Court, civil cases were resolved more quickly in Massachusetts than civil cases in this Court. See id. The median time from filing to disposition for civil cases in Massachusetts was 9.0 months while the median time in this court was 10.2 months. The median time from filing to trial for civil cases was 28 months in Massachusetts and 37 months in this Court. Accordingly, both factors weigh in favor of the Court transferring this case to the District of Massachusetts.

The Court's analysis in Abusadeh v. Chertoff is instructive. There, as here, the Plaintiff filed a mandamus complaint seeking to compel USCIS to complete its adjudication of a pending immigration application. See 2007 WL 2111036 at *2. The Plaintiff's application was pending in a local USCIS field office in Texas. See id. at *6. Plaintiff filed suit in this District, and named agency officials with offices in Washington, D.C. as defendants. See id. District Judge Kollar-Kotelly concluded that Abusadeh's choice of forum was entitled to little deference

8

because there were no meaningful ties between this District and pending immigration applications being adjudicated by a USCIS field office outside Washington, D.C. See id. at *6-*8. Further, the public interests favored transfer because both districts were equally familiar with the applicable law but the Southern District of Texas had a "superior interest in addressing the instant controversy because 'there is a local interest in having localized controversies decided at home.'" Id. at *8. The same is true with respect to the District of Massachusetts here.

## CONCLUSION

For the foregoing reasons, this Court should GRANT Defendants' motion and transfer venue to the District of Massachusetts.

Dated: February 20, 2008            Respectfully submitted,


                                    ____/s/_____
                                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                                    United States Attorney

                                    ____/s/_____
                                    RUDOLPH CONTRERAS, D.C. BAR #434122
                                    Assistant United States Attorney

                                    ____/s/ Robin M. Meriweather_____
                                    ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                    Assistant United States Attorney
                                    555 Fourth St., N.W.
                                    Washington, D.C.  20530
                                    Phone: (202) 514-7198 Fax: (202) 514-8780
                                    Robin.Meriweather2@usdoj.gov

*OF COUNSEL:*

Brenda O'Malley
Associate Regional Counsel
Department of Homeland Security
U.S. Citizenship and Immigration Services

9

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL CULKIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:07CV01350 (PLF) |
| MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security, et al. | ) |
| Defendants. | ) |

**ORDER**

Upon consideration of Defendants' Motion to Transfer Venue, it is this _____ day of _____, 2008, it is

ORDERED that Defendants' Motion to Transfer Venue be, and hereby is, granted; and

IT IS FURTHER ORDERED that this case be, and hereby is, TRANSFERRED to the District of Massachusetts;

SO ORDERED.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael Culkin,<br><br>        Plaintiff,<br>v.<br><br>Michael Chertoff,<br>    Secretary of Department of Homeland<br>    Security, et. al.,<br><br>        Defendants. | Civil Action No: 07-10350 |

## DECLARATION OF KAREN ANNE HAYDON

I, Karen Anne Haydon, hereby declare:

I am the Field Office Director of the Boston office for the United States Citizenship and Immigration Services (USCIS) in the Department of Homeland Security (DHS). I supervise the adjudication of applications for benefits, including the adjudication of adjustment of status applications. I have held the position of Field Office Director since April 1, 2007. Prior to this, I was the Assistant District Director of the Boston District Office since July 1995. In that capacity and based upon reasonable inquiry and my knowledge, information and belief, I state the following:

(1) Michael Culkin, A79-680-853, filed an application for adjustment of status which is pending before the USCIS field office located in Boston, Massachusetts. According to USCIS records, Mr. Culkin's resides in Gardner, Massachusetts. Pursuant to 8 C.F.R. § 316.3, the Boston field office has jurisdiction over Mr. Culkin's application. Mr. Culkin was interviewed by USCIS in Boston on July 21, 2003.

(2) The USCIS Boston field office is working diligently to determine Mr. Culkin's eligibility for lawful permanent residence. On December 12, 2007, the USCIS

Boston field office issued a notice indicating that Mr. Culkin had failed to submit a completed Medical Examination of Aliens Seeking Adjustment of Status, Form I-693. USCIS instructed Mr. Culkin to submit a complete Medical Examination of Aliens Seeking Adjustment of Status, Form I-693, by January 12, 2008. Mr. Culkin then requested a thirty-day extension in which to file the Form I-693. USCIS granted that extension and has just recently received additional documentation in this case. Accordingly, the USCIS Boston field office needs additional time for completion of the adjudication of Mr. Culkin's application.

      I declare under penalty of perjury that the foregoing is true and correct. Executed on February 19, 2008.

*Karenanne Haydon*
Karen Anne Haydon
Field Office Director
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMAD FAYYAZ and GIZELA FAYYAZ,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Civil Action 06-02016 (HHK) |

**ORDER OF TRANSFER**

Before the court is the motion of defendants to transfer or, in the alternative, to dismiss [#5]. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion to transfer this action to the Southern District of Texas should be granted. The Southern District of Texas is the more appropriate venue for this action because plaintiffs reside in Houston, Texas, the United States Citizenship and Immigration Services Office with jurisdiction over plaintiffs' adjustment application is there, and plaintiffs' alleged harm occurred there.

Accordingly, it is this 25th day of October, 2007, hereby

**ORDERED** that the Clerk of the Court shall effect the transfer of this action to the Southern District of Texas.

Henry H. Kennedy, Jr.
United States District Judge

Exh 1 to Defendants' Reply

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIA V. POLIAKOVA, § § *Plaintiff*, § § v. § § EMILIO T. GONZALEZ, DIRECTOR § UNITED STATES CITIZENSHIP AND § IMMIGRATION SERVICES (USCIS), § MICHAEL CHERTOFF, SECRETARY, § UNITED STATES DEPARTMENT OF § HOMELAND SECURITY, § ROBERT S. MUELLER, DIRECTOR, § FEDERAL BUREAU OF INVESTIGATION, § LINDA SWACINA, DIRECTOR, MIAMI § DISTRICT OFFICE, USCIS § § *Defendants*. § | CIVIL ACTION NO. 07-1210 (RCL) |

## **ORDER**

Upon consideration of Defendants' Motion [11] to Transfer Venue and for Enlargement of Time to File Answer, it is this 17th day of December, 2007,

ORDERED that Defendants' Motion be, and hereby is, granted, for the reasons stated well in Defendants' response to Plaintiff's sur-reply; it is further hereby

ORDERED that this case be, and hereby is, TRANSFERRED to the Southern District of Florida; it is further hereby

ORDERED that Defendants' Answer or other response to the complaint shall be due no sooner than 15 days after the Southern District of Florida dockets the case in that district.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth on December 17, 2007.

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **DISTRICT OF COLUMBIA** | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | Numerical Standing | |
| OVERALL CASELOAD STATISTICS | Filings* | | 2,947 | 3,383 | 3,121 | 3,461 | 3,382 | 3,377 | U.S. | Circuit |
| | Terminations | | 3,458 | 3,305 | 3,365 | 3,101 | 3,159 | 3,291 | | |
| | Pending | | 4,114 | 4,634 | 4,422 | 4,656 | 4,338 | 4,151 | | |
| | % Change in Total Filings | Over Last Year | -12.9 | | | | | | 84 | - |
| | | Over Earlier Years | | | -5.6 | -14.9 | -12.9 | -12.7 | 69 | - |
| | Number of Judgeships | | 15 | 15 | 15 | 15 | 15 | 15 | | |
| | Vacant Judgeship Months** | | .0 | .0 | .0 | 3.1 | 17.1 | 27.4 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 197 | 226 | 208 | 231 | 225 | 225 | 91 | - |
| | | Civil | 159 | 180 | 163 | 184 | 179 | 197 | 86 | |
| | | Criminal Felony | 25 | 30 | 32 | 35 | 34 | 28 | 92 | |
| | | Supervised Release Hearings** | 13 | 16 | 13 | 12 | 12 | - | 73 | - |
| | Pending Cases | | 274 | 309 | 295 | 310 | 289 | 277 | 80 | |
| | Weighted Filings** | | 239 | 272 | 261 | 280 | 271 | 284 | 88 | - |
| | Terminations | | 231 | 220 | 224 | 207 | 211 | 219 | 88 | - |
| | Trials Completed | | 7 | 10 | 15 | 15 | 12 | 12 | 93 | - |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 14.4 | 12.9 | 12.8 | 10.2 | 9.6 | 7.7 | 90 | - |
| | | Civil** | 10.2 | 10.8 | 10.3 | 10.3 | 10.5 | 9.8 | 56 | - |
| | From Filing to Trial** (Civil Only) | | 37.0 | 35.0 | 27.4 | 25.0 | 29.0 | 24.0 | 74 | - |
| OTHER | Civil Cases Over 3 Years Old** | Number | 433 | 468 | 408 | 445 | 359 | 282 | | |
| | | Percentage | 15.1 | 14.1 | 12.8 | 12.7 | 11.1 | 8.6 | 83 | - |
| | Average Number of Felony Defendants Filed Per Case | | 1.4 | 1.5 | 1.5 | 1.3 | 1.4 | 1.3 | | |
| | Jurors | Avg. Present for Jury Selection | 70.60 | 86.63 | 75.49 | 85.69 | 93.32 | 69.99 | | |
| | | Percent Not Selected or Challenged | 47.2 | 53.6 | 50.4 | 56.6 | 55.7 | 51.9 | | |

| 2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 2382 | 22 | 35 | 491 | 28 | 21 | 135 | 228 | 209 | 42 | 514 | 61 | 596 |
| Criminal* | 367 | 1 | 106 | 12 | 63 | 78 | 20 | 10 | 2 | 13 | 5 | 26 | 31 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| MASSACHUSETTS | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | | |
| OVERALL CASELOAD STATISTICS | Filings* | | 3,591 | 3,768 | 3,819 | 3,720 | 3,765 | 3,276 | U.S. | Circuit |
| | Terminations | | 3,954 | 3,669 | 3,683 | 3,513 | 3,565 | 3,470 | | |
| | Pending | | 4,567 | 4,810 | 4,496 | 4,416 | 4,300 | 4,126 | | |
| | % Change in Total Filings | Over Last Year | -4.7 | | | | | | 50 | 3 |
| | | Over Earlier Years | | -6.0 | -3.5 | -4.6 | 9.6 | | 31 | 2 |
| | Number of Judgeships | | 13 | 13 | 13 | 13 | 13 | 13 | | |
| | Vacant Judgeship Months** | | .0 | .0 | 8.0 | 7.0 | .0 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 276 | 291 | 294 | 285 | 289 | 252 | 80 | 1 |
| | | Civil | 237 | 252 | 255 | 246 | 243 | 222 | 72 | 1 |
| | | Criminal Felony | 26 | 29 | 27 | 31 | 38 | 30 | 90 | 5 |
| | | Supervised Release Hearings** | 13 | 10 | 12 | 8 | 8 | - | 73 | 4 |
| | Pending Cases | | 351 | 370 | 346 | 340 | 331 | 317 | 61 | 1 |
| | Weighted Filings** | | 306 | 348 | 349 | 344 | 354 | 322 | 81 | 2 |
| | Terminations | | 304 | 282 | 283 | 270 | 274 | 267 | 79 | 1 |
| | Trials Completed | | 18 | 17 | 17 | 15 | 15 | 12 | 50 | 2 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 18.4 | 17.2 | 14.9 | 14.3 | 13.4 | 13.2 | 94 | 5 |
| | | Civil** | 9.0 | 10.7 | 9.4 | 10.7 | 11.5 | 10.2 | 39 | 4 |
| | From Filing to Trial** (Civil Only) | | 28.0 | 31.0 | 31.7 | 28.5 | 25.5 | 23.8 | 57 | 3 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 577 | 318 | 215 | 198 | 229 | 275 | | |
| | | Percentage | 15.3 | 7.9 | 5.7 | 5.4 | 6.3 | 7.7 | 84 | 5 |
| | Average Number of Felony Defendants Filed Per Case | | 1.5 | 1.8 | 1.5 | 1.4 | 1.6 | 1.6 | | |
| | Jurors | Avg. Present for Jury Selection | 48.15 | 44.33 | 47.60 | 49.14 | 46.26 | 51.51 | | |
| | | Percent Not Selected or Challenged | 27.6 | 20.3 | 27.5 | 33.4 | 23.2 | 26.2 | | |

| 2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 3085 | 131 | 190 | 437 | 58 | 30 | 259 | 525 | 329 | 241 | 402 | 15 | 468 |
| Criminal* | 330 | 4 | 71 | 35 | 50 | 82 | 17 | 21 | 6 | 9 | 9 | 7 | 19 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

http://www.uscourts.gov/cgi-bin/cmsd2006.pl                                    1/27/2008