UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL CULKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 1:07CV1350(PLF) |
| ) | |
| MICHAEL CHERTOFF, Secretary, ) | |
| Department of Homeland Security, et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR EXTENSION OF TIME TO FILE ANSWER**

Defendants, by and through their undersigned attorneys, respectfully move pursuant to Federal Rule of Civil Procedure 6(b) that the Court grant Defendants an enlargement of time to answer Plaintiffs' Complaint, making Defendants' Answer due after the Court has resolved Defendants' pending motion to transfer venue. If the Court grants Defendants' motion to transfer, Defendants request that the answer be due on the date the transferee Court selects. If the Court denies Defendants' motion to transfer, Defendants request that the answer be due 15 days after the Court issues its order on the motion. Defendants' answer currently is due February 22, 2008. Pursuant to Local Rule 7(m) and Federal Rule of Civil Procedure 26, counsel for Defendants contacted counsel for Plaintiff to obtain Plaintiff's position on this motion. However, counsel for Plaintiff was unable to state his client's position on the enlargement as of the time Defendants filed this motion.

This is a mandamus case in which Plaintiff alleges that Defendants have unreasonably delayed completing the adjudication of his I-485 application for adjustment of status to that of a lawful permanent resident. The United States Citizenship and Immigration Services ("USCIS")

Field Office located in Boston, Massachusetts is adjudicating Plaintiff's application, and reviewing the information Plaintiff submitted in response to that office's request for additional evidence. See Dkt. Entry 5 at Exh. 1 (Declaration of Karen Haydon). Defendants therefore moved that the case be transferred to the District of Massachusetts, which is the District in which Plaintiff resides, and in which the adjudication is being conducted. See Dkt. Entry 5.

There is good cause to enlarge this deadline. Defendants anticipate that they will file a dispositive motion pursuant to Federal Rule 12(b), in lieu of filing an answer. However, the Court will have to resolve the pending motion to transfer before determining whether to reach the merits of that dispositive motion. Further, if this case is transferred to the District of Massachusetts, the undersigned will not be counsel for Defendants, and the United States Attorney's Office for the District of Massachusetts will assume responsibility for the case. The Assistant United States Attorney from that office will need time to become familiar with the case once the file is received, as well as the precedent from that Court and the First Circuit (rather than the D.C. Circuit precedent that would control this case). Accordingly, deferring the deadline for Defendants' answer pending resolution of the motion to transfer would promote efficiency and conserve resources.

The enlargement also will give the undersigned additional time to consult with the Defendant agencies concerning the defenses and arguments to be raised in their 12(b) motion. In similar cases in which the delay was attributable to pending background checks, Defendants have raised jurisdictional defenses pursuant to Rule 12(b)(1). See, e.g., Orlov v. Howard, 523 F. Supp. 2d 30 (D.D.C. 2007); Luo v. Keisler, 521 F. Supp. 2d 72 (D.D.C. 2007). USCIS recently issued a policy memorandum that permits it to adjudicate adjustment of status applications before the background checks have been completed. Accordingly, Plaintiff's pending background check

is no longer an obstacle to the adjudication of his adjustment application. It is Defendants' position that the Court still lacks jurisdiction to review the claims raised in Plaintiff's complaint, and that any delay caused by USCIS's prior decision to wait for the results of the background check requirement, or other aspects of USCIS's review of Plaintiff's eligibility for adjustment of status, is reasonable as a matter of law. However, the undersigned needs additional time to assess the impact of this policy memorandum on the jurisdictional and other arguments that will be raised in the 12(b) motion.

      Defendants have requested one prior enlargement of the deadline for filing their answer. There are no pending deadlines or court dates that this request for enlargement would affect. Granting Defendants additional time to answer Plaintiffs' Complaint should cause no prejudice.

Dated: February 21, 2008     Respectfully submitted,

    /s/   by RMM
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/   by RMM
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2008, I caused the foregoing Motion to be filed and served via the Court's Electronic Case Filing system upon:

**Mark A. Partin**
VEDDER, PRICE, KAUFMAN & KAMMHOLZ P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003


    /s/   *Robin M. Meriweather*
ROBIN M. MERIWEATHER, D.C. Bar # 490114

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MICHAEL CULKIN,                     )
                                    )
          Plaintiff,                )
                                    )
     v.                             )   Case Number:  1:07CV1350(PLF)
                                    )
MICHAEL CHERTOFF, Secretary,        )
Department of Homeland Security, et al., )
                                    )
          Defendants.               )
_____)

**ORDER**

Upon consideration of Defendants' Motion for Extension of Time to File Answer it is this

_____ day of _____, 2008,

ORDERED that Defendants' Motion for Extension of Time be and is hereby GRANTED.

It is further ORDERED that Defendants' answer shall be due on the deadline set by the transferee court or, if this Court denies the motion to transfer, 15 days after this Court issues its order resolving that motion.

                                        SO ORDERED.

                                        _____
                                        United States District Judge